UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

v. : 19-CR-252 (ABJ)

BRENDON SPANN :

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO GOVERNMENT'S REQUEST FOR DETENTION**

Based on a Criminal Complaint and subsequent indictment charging Felony Threats and Stalking, the government has requested pretrial detention of Mr. Brendon Spann, pursuant to 18 U.S.C. § 3142(f)(1)(A), asserting that there are no conditions or combination of conditions that will reasonably assure the safety of the community. The government's request for pretrial detention must be denied because the government has not proven, by clear and convincing evidence that he poses a danger to the community and because the government cannot show, by clear and convincing evidence, that there are a combination of conditions of release that will reasonably assure the safety of the community.

**Introduction**

Mr. Brendan Spann is a 27 year-old college graduate with a Master's Degree. He is currently employed by the United States Department of Education where he has worked sfor three years. He has no prior contacts with the criminal justice system. He has longstanding ties to the Washington Metropolitan area and currently resides in Hanover, Maryland. Mr. Spann's mother, Andrea Spann is a retired federal pretrial services employee who worked in the U.S. District of Maryland. She has agreed to assume third-party custody of Mr. Spann, if the Court orders. Mr. Spann's father, Larry Spann, is a retired federal probation officer who worked in the

District of the District of Columbia. He has also agreed to assume third-party custody of Mr. Spann (at a separate residence from Ms. Andrea Spann).

The government's request for detention arises from allegations that Mr. Spann stalked and threatened the complainant ("CW1") and others close to the complainant, including her best friend ("CW3") over an 18 to 20 month period beginning in the Fall of 2017. However, there is no evidence and there are no allegations that Mr. Spann ever touched any of these individuals in any manner over those 18 months. Nor is there any allegation of any physically assaultive behavior between Mr. Spann and CW1 with whom he was romantically involved. The government has proffered no evidence that demonstrates that Mr. Spann poses danger of actual physical harm to anyone in the community. Accordingly, there are conditions that this Court can apply to reasonably ensure the safety of the community and Mr. Spann should be released.

## Argument

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987); see also United States v. Singleton, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." United States v. Motamedi, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.).

Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id. at 1405.

In this case, the government identifies no rebuttable presumption for detention that applies. The government thus bears the burden of demonstrating, by clear and convincing evidence, that preventative detention is necessary to ensure the safety of the community. It falls well short of doing so.

Under the Bail Reform Act, the Court must consider the following factors when determining whether the government has set forth clear and convincing evidence that Mr. Spann be detained.  They are:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence; 3) the history and characteristics of the person charged; and 4) the nature and seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. 3142 (g). Weighing all of these factors, this Court should release Mr. Spann. In order to address the government's concerns, the Court can order Mr. Spann to stay away from the complainants and prohibit communications with them and order GPS monitoring to enforce the stay away.  To enforce the communications aspect of the stay away order, Mr. Spann would be required to subject any electronic devices that he might use to monitoring by Pretrial Services.

1. Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense charged weigh in favor of release.  The government has alleged that Mr. Spann has harassed the complainants by electronic communication.  Even if those allegations were true, the government has no evidence that those communications will arise to violent acts.  There is no statutory rebuttable presumption for threats or stalking.

In addition, despite aggressive surveillance from federal and local agencies, law enforcement has found no evidence that Mr. Spann: 1) ever possessed a firearm or dangerous weapon; 2) ever attempted to obtain a firearm or dangerous weapon; or 3) ever made any threatening gestures, in person, to the complainants.  Instead, all of the contacts in the past year (save for three obviously accidental encounters near Mr. Spann's workplace and Mr. Spann's residence) have been brief and fleeting and ended without any attempt by Mr. Spann to make physical contact. Moreover, the government alleges that the harassment began over a year and a half ago – but cannot point to a single act that Mr. Spann took to actually physically harm any of the complainants.

    a.   Alleged attempts to make physical contact

The government relies heavily upon three alleged contact between Mr. Spann and some combination of CW1 and CW3. See Government's Memorandum at 27 ("[T]he defendant also personally stalked and harassed Victim 1 at work including by trying to force his way into her car, and stalked Victim 3, repeatedly letting her know that he was watching her"). The alleged contact between Mr. Spann and CW1 occurred on November 29, 2017.  There has been no further face to face encounters in the 20 months since.  The interactions involving CW3 were obviously spontaneous encounters and results of the two working in very close proximity to each other and to Union Station.  In fact, what the government characterizes as "repeated[] stalking" of CW 3 consists of: 1) on August 4, 2018 "the victim and Best Friend [] shopping together … as they exited one of the stores, Best Friend saw [Mr.] Spann walking past them in the opposite direction" which led to Mr. Spann walking behind them, leaving without saying anything and allegedly raising a middle finger; and 2) on June 26, 2019, an encounter between Mr. Spann and CW3 near Union Station, a few blocks away from Mr. Spann's workplace where they passed by

each other "and made eye contact but did not speak." In both of these interactions, the complainants appear to have seen Mr. Spann first. More importantly, Mr. Spann made no attempts to speak, and certainly made no threatening or harassing comments.

    b.   The circumstances of the offense and the allegations against Mr. Spann

In its complaint, the government has made several allegations that have apparently been rejected by a court employing the much lower preponderance of the evidence standard. As noted in the government affidavit, CW1 twice applied for protective orders in Arlington General District Court, in December 2017 and in February 2018. In August 2018, CW3 applied for a protective order against Mr. Spann in Montgomery County District Court. All three applications were ultimately denied for lack of evidence.

However, even assuming that the allegations against Mr. Spann are true, the nature and circumstances of the offense involve communications only. There is no accompanying assaultive conduct or history of abuse.

2. The weight of the evidence

The weight of the evidence against Mr. Spann is, at worst neutral. Repeatedly, the government relies upon the conclusion that because the complainants were the recipients of the communications, Mr. Spann must have been the author. The government identifies the "choice of the recipient" or "the recipient's relationship to the victim" as the basis for its conclusion that Mr. Spann committed the acts repeatedly throughout the submitted affidavit. See Affidavit in Support of Warrant at paragraphs 40, 41, 42, 49, 72, 73, 86. In other words, for those allegations there is only the most tenuous circumstantial evidence linking Mr. Spann to these acts.

Moreover, the government presents all of its evidence through an affidavit, shielding its evidence from cross examination that would answer important questions that would undermine

both the weight of the evidence as well as the Court's determination on Mr. Spann's dangerousness.  For example, while there is evidence that the person transmitting many of the text messages appears to have previously had a relationship with CW1, there is no evidence as to whether the CW1 had been involved in other relationships that might beget an angry and scorned ex-boyfriend.  Indeed, the affidavit makes no effort to provide contexts for any of the communications.  It makes no mention of whether the messages in question were in response to other messages from the complainants, drew responses from the complainants or were accompanied by other clarifying messages.

Because the defense cannot have a preliminary hearing when the government decided to proceed by the grand jury's probable cause finding, counsel alternatively submits that the Court should afford no greater weight to the evidence than the minimal probable cause standard.

3.   The history and characteristics of defendant.

The history and characteristics of defendant weigh heavily in support of release.  Mr. Spann has no prior convictions, no prior arrests, assaultive or otherwise.  He has a Master's Degree and has been employed by the federal government for three years.[1]  He has strong family ties to parents who both worked in federal agencies that monitor compliance with court orders. He has lived in the metropolitan area for most of his life. He does not abuse drugs or alcohol.  He was not under any supervision at the time of his arrest. The Pretrial Services Agency report finds Mr. Spann to be a Low Global Re-arrest Risk and a Low Dangerous/Violent Re-arrest Risk.

---

[1] The third factor requires the Court to consider (1) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (2) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law. 18 U.S.C. § 3142(g)(3).

Mr. Spann has already demonstrated the ability to comply with court orders to stay away from CW1 in cases involving much of the same conduct alleged here. Before the three findings of unsupported allegations, Mr. Spann was temporarily ordered to stay away from two of the complainants for a total of nearly three months and complied with all court orders during that time.

The government's argument in this factor ignores all of the specified characteristics that the statute requires. Instead, it asks the Court, without authority, to focus again on the nature and circumstances of the offense. The government's pivot away from the statutorily detailed factors emphasizes that Mr. Spann's history and characteristics strongly support release.

4. The Nature and Seriousness of the Danger to Any Person in the Community

At first glance, this factor weighs in favor of detention. However, the Court can place conditions upon Mr. Spann that would reasonably assure the safety of the individuals involved.

All of the crimes alleged by the government involve the use of phones or computers. The Court can impose conditions that will allow monitoring of Mr. Spann's electronic devices. Pretrial Services can install software that actively monitors Mr. Spann's computer and the Court can order that he not use any other computer. The Court can prohibit him from using email addresses that are not identified as his own or to use Tor or any similar tools. In addition, the Court can order Mr. Spann to refrain from any contact from any of the complainants in this case, as well as their family members. That stayaway order can be accompanied by requiring Mr. Spann to wear a GPS monitor. If the Court has any lingering concerns, the Court can order Mr. Spann into third party custody of either parent – both of whom have monitored compliance for the federal government and are willing and able to take custody of Mr. Spann.

Finally, the government unconvincingly and without evidence suggests that Mr. Spann is of enhanced danger of gun violence. Mr. Spann is not an owner of multiple firearms – a search warrant and a records check show that Mr. Spann owns zero firearms.  Mr. Spann does not have a history of mental illness. Mr. Spann does not have a history of domestic violence.  He has never touched anyone in an abusive way – including the complainant within the context of the relationship. He has no arrests for assaultive conduct.  Even if all of the allegations are true and he has made threatening communications towards the complainant, there is no evidence, despite great efforts to obtain it, that Mr. Spann has done anything other than to threaten.  Without that evidence, the government cannot prove, by clear and convincing evidence, that Mr. Spann, with the right conditions, is a danger.

## **Conclusion**

Wherefore, for the foregoing reasons, the government has not met its burden of demonstrating that there no conditions or combination of conditions that will assure the safety of the community and Mr. Spann's appearance before the Court.  Specifically, Mr. Spann should be released with the condition that all electronic devices, including tablets, cell phones and computers, be monitored; that he be ordered not to use Tor or similar networks, that he stay away from all individuals connected with this case, to be enforced by GPS monitoring. Alternatively, Mr. Spann should be released into the third party custody of one of his parents with those conditions.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
JOSE GERMAN
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500